IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC CHRISTALDI | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| KAREN L. MANSFIELD | : | NO. 15-943 |
| CORY J. MILLER | : | |

MEMORANDUM

**GOLDBERG, J.**                                                                                                       APRIL 9th, 2015

Plaintiff Eric Christaldi, a prisoner incarcerated at the State Correctional Institution at Dallas, brings this action against Karen L. Mansfield and Cory J. Miller. He seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss his complaint with prejudice as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

I.   FACTS[1]

Plaintiff's complaint consists mostly of references to statutes, citations to case law, and legal conclusions. The few allegations that provide the factual basis for plaintiff's claims reflect that the claims are based on a criminal proceeding brought against him in the Lancaster County Court of Common Pleas. *See Commonwealth v. Christaldi*, Docket No. CP-36-CR-0003592-2013. The publicly available docket for that proceeding reflects that defendant Mansfield prosecuted plaintiff while defendant Miller served as plaintiff's counsel. On January 31, 2014, plaintiff pled guilty to various sex crimes and was sentenced to a minimum of three years and six months of imprisonment.

---

[1] The following facts are taken from the complaint, documents attached to the complaint, and the publicly available docket from plaintiff's underlying criminal proceeding.

1

The complaint purports to raise civil rights claims under 42 U.S.C. § 1983 and § 1985, as well as claims pursuant to various criminal statutes. Plaintiff's claims are predicated on his allegations that the defendants violated his constitutional rights (including, in particular, his right to the effective assistance of counsel) and various criminal laws by procuring his conviction. Plaintiff seeks release from imprisonment, damages, and an order requiring the defendants to be arrested.

## II.   STANDARD OF REVIEW

The Court will grant plaintiff leave to proceed *in forma pauperis* because he has satisfied the requirements set forth in 28 U.S.C. § 1915 and it appears that he is incapable of paying the filing fee and administrative fee. As plaintiff is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(i) applies, which requires the Court to dismiss the complaint if it is frivolous. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). As plaintiff is proceeding *pro se*, the Court will construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.   DISCUSSION

To the extent plaintiff is bringing claims under criminal statutes, and seeking the arrest and initiation of criminal charges against the defendants, his claims are dismissed as legally frivolous because criminal statutes are "inapplicable" to this civil suit and because plaintiff has no right to the initiation of criminal proceedings against another. *See Bullard v. Bureau of Unemployment and Allowances*, 516 F. App'x 111, 112 n.3 (3d Cir. 2013) (per curiam); *see also Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (observing that a "private citizen lacks a judicially

cognizable interest in the prosecution or nonprosecution of another"); *Godfrey v. Pennsylvania*, 525 F. App'x 78, 80 n.1 (3d Cir. 2013) (per curiam) ("[T]here is no federal right to require the government to initiate criminal proceedings.").

    To the extent plaintiff is raising civil rights claims under 42 U.S.C. § 1983 and § 1985, his claims fail because they are not cognizable. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Furthermore, "to recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). That principle also holds true for claims brought under § 1985. *See Zhai v. Cedar Grove Municipality*, 183 F. App'x 253, 255 (3d Cir. 2006) (per curiam).

    As it is apparent from the complaint that plaintiff is seeking release from imprisonment, challenging convictions and imprisonment that have not been invalidated, and/or raising claims that would necessarily imply the invalidity of his convictions and sentence, his claims are not cognizable in a civil rights action. If he seeks to challenge his convictions in federal court, he must file a petition for a writ of *habeas corpus*, pursuant to 28 U.S.C. § 2254, after exhausting state remedies.

## IV.  CONCLUSION

For the foregoing reasons, the complaint will be dismissed with prejudice as legally frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  As plaintiff cannot cure the deficiencies in his claims, amendment would be futile.  An appropriate order follows, which shall be docketed separately.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC CHRISTALDI | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| KAREN L. MANSFIELD | : | NO. 15-943 |
| CORY J. MILLER | : | |

## ORDER

AND NOW, this 9th day of April, 2015, upon consideration of plaintiff's motion to proceed *in forma pauperis* and his *pro se* complaint, it is ORDERED that:

1. Leave to proceed *in forma pauperis* is GRANTED.

2. Plaintiff Eric Christaldi, #GU-1261, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b). Based on the financial information provided by plaintiff, an initial partial filing fee of $69.14 is assessed. The Superintendent or other appropriate official at the State Correctional Institution at Dallas or at any other prison at which plaintiff may be incarcerated is directed to deduct $69.14 from plaintiff's inmate trust fund account, when such funds become available, and forward that amount to the Clerk of the United States District Court for the Eastern District of Pennsylvania, 601 Market Street, Room 2609, Philadelphia, PA 19106, to be credited to Civil Action No. 15-943. After the initial partial filing fee is collected and until the full filing fee is paid, the Superintendent or other appropriate official at the State Correctional Institution at Dallas or at any other prison at which plaintiff may be incarcerated, shall deduct from plaintiff's account, each time that plaintiff's inmate trust fund account exceeds $10, an amount no greater than 20 percent of the money credited to his account during the preceding month and forward that amount to the Clerk of Court at the address provided above to be credited to Civil Action No. 15-943.

3. The Clerk of Court is directed to send a copy of this order to the Superintendent of the State Correctional Institution at Dallas.

4. The complaint is DISMISSED with prejudice as legally frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), for the reasons stated in the Court's Memorandum.

5. The Clerk of Court shall CLOSE this case.

BY THE COURT:

_____
MITCHELL S. GOLDBERG, J.